## Commonwealth v. Strait

*George P. Skumanick Jr., district attorney,* for the Commonwealth.

*Travis Kendall,* for defendant.

VANSTON, *P.J.*, November 7, 1995—This opinion is written subsequent to the court's receipt of the defendant's notice of appeal to the Superior Court of Pennsylvania and subsequent to the receipt of the defendant's statement of matters complained of on appeal. (See Pa.R.A.P. 1925)

Following trial de novo on September 15, 1995, the defendant was adjudicated guilty of two summary Game Code offenses: unlawful taking or possession of game or wildlife (23 Pa.C.S. §2307) and unlawful devices and methods (23 Pa.C.S. §2308(a)(8)). He was sentenced to pay an aggregate fine in the amount of $1,000 and costs.

The evidence, viewed in the light most favorable to the verdict winner, may be summarized as follows:

On November 18, 1994, the Pennsylvania Game Commission received information that artificial and natural bait had been placed at or near several hunting camps on Dutch Mountain in Wyoming County. Bear hunting season opened on November 21, 1994. Wildlife conservation officers travelled to the scene on November 18 and found several camps where obvious baiting for bear had occurred. One of these was a cabin at the Whispering Pines Hunting Camp. No one was present at the camp during the officers' inspection.

The officers noted and photographed two instances of artificial or natural bait in close proximity to the cabin. A utility pole 52 feet from the cabin was covered in grease from the ground level to a height of between six and eight feet. The pole and the grease had bear claw markings on them.

To the rear of the cabin was a 55-gallon drum, open at one end. The drum was positioned horizontally and permanently affixed to a tree stump so that the bottom of the drum was approximately two feet above the

ground. The drum contained a quantity of grease and corn kernels. The drum and stump were located 64 feet from the back porch of the cabin and showed evidence of having been visited by bears.

The officers also noted and photographed several "bear trails" leading from the woods to the cabin, indicating that bear had frequented the area recently and with some regularity. They took samples from both the utility pole and the drum, which the Pennsylvania State Police Crime Laboratory later confirmed were grease and corn kernels.

On the first day of bear season, three days later, the officers returned to the cabin. The defendant had just shot a bear, and took the officers to its location. The bear had been shot along one of the "bear trails" previously noted and had been headed in the direction of the cabin when killed. The location was approximately 800 feet from the cabin. When questioned by the officers, the defendant acknowledged knowing about the grease and corn in the drum and the grease on the pole, but denied that he was the person who placed those substances there. He indicated that he was a guest of the cabin's owner and had been hunting bear for 15 years.

The officers then conducted a postmortem examination of the bear and obtained a sample of its stomach contents. The Pennsylvania State Police Crime Laboratory subsequently confirmed that the stomach contents included corn and grease of the same type as obtained from the drum three days earlier.

An examination of the hunting camps in the near vicinity also disclosed the use of artificial and natural bait, but the Whispering Pines cabin was the only one to have used grease.

At trial, Gary Alt, Ph.D., a research biologist for the Pennsylvania Game Commission, testified. Dr. Alt is recognized as a leading national authority on bear behavior. He opined that grease is a powerful attractant for bears and is the most effective bait which can be used.

The defendant testified on his own behalf. He acknowledged having shot the bear, but denied knowing anything about the contents of the drum or the substance spread upon the utility pole. This court determined the defendant's testimony in this regard not to be credible. He had told the Game Commission officers on the date of the incident that he was aware of the grease and corn in the drum. He also stated that he arrived at the camp on Friday afternoon and had spent Saturday and Sunday scouting the area for bear, prior to hunting on Monday morning. The drum is in plain view of, and in close proximity to, the cabin. It is unusual in appearance in that it does not stand vertically, but is attached horizontally to a tree stump. From the photographs offered in evidence, it appears to be within 10 feet of a picnic table in the cabin's back yard. It is inconceivable that the defendant was not aware of the baiting activity, and his protestations to the contrary defy credulity. The evidence of the defendant's guilt in utilizing bait to attract and kill a bear was beyond a reasonable doubt, and overwhelming.

Lastly, the defendant's appellate counsel raises numerous factual allegations in his statement of matters complained of on appeal which are erroneous. Appellate counsel was not trial counsel, and, as of this writing, a transcript of the de novo trial has not been completed. This court sees no need, therefore, to address these errors.